UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HENRY JORDAN, JR., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-10-3805 |
| | § | |
| JPMORGAN CHASE BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

## ORDER FOR SUMMARY JUDGMENT

### I.

Before the Court is the defendant, JPMorgan Chase Bank N.A.'s, motion for summary judgment [Doc. No. 16] and the plaintiff, Henry Jordan, Jr.'s, response [Doc. No. 26]. The Court being fully informed, and the time for amendments to pleadings passed, is of the opinion that the defendant's motion should be granted.

### II.

The plaintiff filed his suit on or about October 1, 2010, in the 234th Judicial District Court of Harris County, Texas. In his suit, the plaintiff sought injunctive relief and damages for claims of attempted wrongful foreclosure, and violations of Section 3.301 of the Texas Business and Commerce Code. Within the appropriate time-frame, the defendant removed the case to federal court.

### III.

The underlying facts asserted by the plaintiff are that Citibank, NA, while serving as trustee for Washington Mutual Trust, lacked the authority to enter into a Servicing Agreement with the defendant that permitted the defendant to foreclose on his mortgage. Therefore, he

contends, in attempting to administer a foreclosure, the defendant violated Section 3.301 of the state Commerce Code.

In further argument, the plaintiff asserts that while the evidence supports the fact that the defendant was the mortgagee on September 25, 2008, the evidence fails to establish that the defendant was the mortgagee on September 9, 2010.  According to the plaintiff, there is no evidence that a transfer from the defendant to Citibank, as trustee for the Washington Trust, occurred.  The plaintiff admits, however, that if the defendant was the mortgagee servicer on September 9, it had the authority to authorize the foreclosure.

The defendant traces the history of the plaintiff's obligation and its legal interest as commencing on January 25, 2007, when the plaintiff executed a promissory note to Washington Mutual Bank.  On or about September 25, 2008, the defendant acquired the servicing rights to the plaintiff's loan from the FDIC, because Washington Mutual was in receivership.  In June of 2010, the defendant informed the plaintiff that it was servicing his loan and that he was delinquent in his payments.  Shortly, thereafter, the plaintiff commenced this suit before a foreclosure occurred.

## IV.

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "Factual disputes that are irrelevant or unnecessary will not be counted."  *Id.* at 248.  An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party.  *Id.*  If the evidence rebutting the motion for summary judgment is only colorable or not significantly probative,

summary judgment should be granted.  *Id.* at 249-50; *see also Shields v. Twiss*, 389 F.3d 142, 149-50 (5th Cir. 2004).

Under Rule 56(c) of the Federal Rules of Civil Procedure, the moving party bears the initial burden of "informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue for trial." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 - 87 (1986); *Adams v. Travelers Indem. Co. of Connecticut,* 465 F.3d 156, 163 (5th Cir. 2006).  Where the moving party has met its Rule 56(c) burden, the nonmovant must come forward with "specific facts showing that there is a *genuine issue for trial."  Matsushita*, 475 U.S. at 586-87 (quoting Fed. R. Civ. P. 56(e)) (emphasis in original); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); and *Adams*, 465 F.3d at 164.  To sustain the burden, the nonmoving party must produce evidence admissible at trial showing that reasonable minds could differ regarding a genuine issue of material fact. *Anderson*, 477 U.S. at 250-51; 255; *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998).  In deciding a summary judgment motion, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson,* 477 U.S. at 255.

## V.

In response to the defendant's motion for summary judgment, the plaintiff abandons his claim that the defendant violated the Texas Business and Commerce Code.  Therefore, these claims are no longer part of the plaintiff's suit.  The plaintiff's remaining claim is that the defendant is guilty of an "attempted wrongful foreclosure."  The basis for this claim is that the defendant forwarded to the plaintiff a Notice of Foreclosure.  The evidence shows, however, that the defendant did not proceed with the foreclosure.  And, the plaintiff does not dispute this fact.

The question, therefore, is whether the plaintiff can state a cause of action, as a matter of law, against the defendant.  Assuming that the defendant has the authority to enforce the terms of the Deed of Trust, the plaintiff cannot establish a claim.  In the Court's opinion, the evidence is undisputed in this respect.  *See Anderson*, 477 U.S. at 248.

The evidence shows that the defendant is authorized to enforce the Deed of Trust pursuant to the Servicing Agreement that it acquired from the FDIC, as receiver for Washington Mutual.  *See* [Defendant's Exhibits E and F].  Whether Citibank owns the Note, served as trustee for the Washington Mutual Trust or in any other capacity, is of no consequence because the Servicing Agreement authorizes the acts of the defendant.

Even assuming that a cause of action exists for "attempted wrongful foreclosure," the plaintiff has failed to establish that he suffered damages as a result of the defendant's actions.  In this regard, it appears that the defendant's conduct followed the usual course for a foreclosure.  On or about December 17, 2009, and again on May 5, 2010, the defendant forwarded Notices of Acceleration to the plaintiff.   In June and August 2010, the plaintiff received further communications from the defendant, including a Notice of Acceleration and Notice of Posting and Foreclosure.  The plaintiff does not question the regularity of these events.  And, it is undisputed that the plaintiff's suit does not concern irregularities in the foreclosure process, only the authority of the defendant to do so.  Hence, no genuine issue of material fact exists that the foreclosure proceeding was regular.  Moreover, the plaintiff has not asserted specific damages, and there is no evidence otherwise that the plaintiff has been injured.  Hence, the evidence, of no injury, is undisputed.  *Id.*

Based on the foregoing analysis and discussion, the Court concludes that there is no genuine issue of material fact in dispute, and that the defendant's motion for summary judgment should be, and it is hereby Granted.

SIGNED at Houston, Texas this 5th day of January, 2012.

_____
Kenneth M. Hoyt
United States District Judge